

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-1689
> Re: Liability of Alexander Motor
> Company for the prize or
> award tax levied by Article
> 7047f, V.A.C.S., on automobile
> and other prizes given away
> in the Cotton Bowl of the
> State Fair of Texas in Dallas,
> under the facts and circum-
> stances herein outlined.

By your letter of November 10, 1939, you request our opinion upon the liability of Alexander Motor Company of Dallas, Texas, for the prize or award tax levied by Article 7047f, Vernon's Annotated Civil Statutes, under the following facts and circumstances, which we quote from attached correspond-ence:

"For some time in the past Mr. Alexander, the owner of Alexander Motor Company, as an advertising program has sponsored this Mr. Dodge program, which consists of a question and answer or quiz type of program. He has contracted with KRLD, paying their usual rates for thirty minutes time over their station, they to furnish the studio and all necessary requirements, he paying the various announcers a stipulated salary. The program is based upon certain questions which have been pre-pared or furnished the announcer prior thereto. The assistants go through the studio audience and select from those desiring to take part in the program individuals to answer each question.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, Page 2

"Prior to the asking of the question the value in money of such question is announced and if the individual participant gives the correct answer he receives the stated sum. If his answer is incorrect he receives $1.00. The difference between the stated sum and the $1.00 in the case of an incorrect answer fee, is added to the value of the next succeeding question and such additions carried on until a correct answer to one of the questions is given. The individuals making up the studio audience, from which the participants are chosen, pay no admission charge or other entry charge of any character, the studio, which in the usual course of events is the Junior Ball Room of the Adolphus Hotel, being open to the public. In addition to the cash awards certain merchants in this city have given to the Alexander Motor Company merchandise, such as orders of men's hats and orders of women's hose, which are sometimes, in the case of certain questions, added to the premium or value of individual questions.

"With respect to the broadcast held at the State Fair Grounds on October 17, I attach to this letter a copy of the written memorandum of contract between Alexander Motor Company and the State Fair of Texas, which discloses in full the agreement between those parties. The method of handling the broadcast in that particular instance, by reason of the size of the gathering place, together with the unusually large crowd which was assembled, was altered to some extent. For the reason that the program is necessarily limited in time, the assistant announcers were not sent through the audience to choose participants from the volunteers, but each person entering the stadium was given a ticket with a stub containing a number. The stub was detached from the ticket and placed in a receptacle. Prior to the opening of the program some twenty of these stubs were withdrawn and the holders of the corresponding ticket numbers went down to the stage to participate in answering the first twenty questions in the order their numbers were drawn. After each participant had answered, or failed to answer, a question an additional stub

Hon. Geo. H. Sheppard, Page 3

> number was called out and the holder of that
> number became number twenty upon the list of the
> then participants. At that broadcast Alexander
> Motor Company awarded prizes in the following order;
> seven orders for hats of a retail value of $5.00
> each; nine orders of boxes of hose at $3.30 each;
> cash in the aggregate of $166.00, and one 4-door
> DeLuxe Dodge Sedan of a retail listed market value
> of $1098.50. At this particular broadcast only,
> the unsuccessful participants who failed to answer
> the question propounded to them did not receive
> the .usual $1.00 fee, but the winners only received
> awards."

In regard to the relation between the State Fair of
Texas and the Alexander Motor Company in this connection,
it is pointed out, additionally, that the State Fair of
Texas agreed to designate Tuesday, October 17th, as "Alex-
ander Motor Company Day, presenting Mr. Dodge in Person"
and to furnish without charge to said Motor Company the
Cotton Bowl Stadium on the Fair grounds, with proper
illumination and loud speaking equipment; on the other hand,
Alexander Motor Company agreed at this time and place to
furnish the "Mr. Dodge Program" which had been regularly
broadcast over KRLD in Dallas, including in addition to
the usual cash awards and premiums, one 1940 4-door DeLuxe
Dodge Sedan, all expenses of this undertaking, such as
broadcasting time, additional wiring for the speakers,
remote control connections, and the compensation for the
staff required in the undertaking, to be borne by the
Alexander Motor Company. With particular relevancy to
the question at issue here, we point out that it was
specifically understood and agreed that no admission charge
would be made at the Cotton Bowl gate for this event.

Section (b) of Article 7047f, Vernon's Annotated Civil
Statutes, levies a tax "equal to twenty per cent (20%) of
the value of all such money, prizes, and awards given in
connection with the operation of each and all of the fore-
going business enterprises, etc." Section (a) of said
Article defines what is meant by the term "foregoing busi-
ness enterprises" and the conditions under which the tax will
accrue, in the following language:

Hon. Geo. H. Sheppard, Page 4

"Every person, firm, or corporation conduct-
ing a theatre, place of amusement, or any business
enterprise in connection with the operation of
which a prize in the form of money or something
of value is offered or given to one or more patrons
of such theatre, place of amusement, or business
enterprise, and not given to all patrons thereof
paying the same charge for any certain service,
commodity, or entertainment, shall make a verified
monthly report on the twenty-fifth day of each
month to the Comptroller of Public Accounts of
the State of Texas, showing the amount of money so
given in prizes, and the value of all prizes or
awards so given in connection with such business
during the next preceding month."

Your inquiry is limited to the liability of Alexander
Motor Company to this tax levy under the factual statement
appearing herein, and you do not inquire as to the liability
of the State Fair of Texas by reason of its cooperative
participation in the awarding of the prize in question. We
think your question has been thus properly limited, because,
on analysis of the facts, it appears that the Alexander Motor
Company is, apparently and actually, the donor of the gift
in question, and the State Fair of Texas merely lends its
facilities with the expectation and hope of receiving, for
itself, swollen gate receipts by reason of the event. In
passing, however, it may be said that even should your ques-
tion have embraced the liability of the State Fair of Texas
for this prize or award tax, we would be constrained to hold
here, as we did in Opinion No. O-1637 to you, that fairs, as
generally operated and conducted, are educational and benevo-
lent enterprises rather than "business enterprises" within
the purview and meaning of this tax measure.

On the other hand, Alexander Motor Company of Dallas,
Texas, is assuredly a "business enterprise", within the con-
templation of Article 7047f, Vernon's Annotated Civil Statutes,
but in order for the prize or award tax to accrue under the
statutes other conditions must appear. It is not enough that
a prize in the form of money or something of value is given
or awarded in connection with the operation of the Alexander
Motor Company as a "business enterprise," but such prize or
award must be offered or given "to one or more patrons of such
theatre, place of amusement, or business enterprise, and not
given to all patrons thereof paying the same charge for any

Hon. Geo. H. Sheppard, Page 5

certain service, commodity, or entertainment". The latter essential condition to tax liability is entirely wanting in the instant case. Persons entering the Cotton Bowl at the Texas State Fair on October 17, 1939, either as actual participants in a contest of wits, or as mere observers of the spectacle, paid no entrance fee or admission charges, and therefore can not, by any refinement of reasoning, be deemed "patrons" of the Alexander Motor Company "paying the same charge for any certain service, commodity or entertainment" within the language of the above quoted statute.

Nor is this essential condition or requirement of the statute for the accrual of a tax on prizes or awards met by the fact that all persons entering the Cotton Bowl for participation in or observation of the "Mr. Dodge Program" on October 17, 1939, were required to pay to the State Fair of Texas a general admission charge at the gates of said Fair. The consideration for this nominal admission charge was the right of the person paying same to attend and observe the various attractions, shows and exhibits which a great State Fair could offer, and the program sponsored by the Alexander Motor Company was only one of the many attractions or exhibits offered by the State Fair. Whether the "Mr. Dodge Program" or any or all of the other various attractions of the State Fair of Texas was the inciting cause for the Fair visitor depositing his money in the turnstiles, can never be determined but we submit that the connection between this payment and possible entrance into the Cotton Bowl for the program involved here is too remote to constitute the persons paying same, "patrons" of the Alexander Motor Company. Moreover, this admission charge or fee is a consideration moving directly to the State Fair of Texas and not to Alexander Motor Company "for any certain service, commodity or entertainment" which the Alexander Motor Company is offering to the public.

It is accordingly our opinion that the Alexander Motor Company of Dallas is not liable to the State of Texas for the tax, under Article 7047f, Vernon's Annotated Civil Statutes, of 20% on the value of the Dodge Automobile and other prizes given by said Alexander Motor Company on October 17, 1939, at the Cotton Bowl during the State Fair of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Pat M. Neff, Jr.
Assistant

APPROVED JAN 11, 1940

PMN:N

_____
ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN